USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLD REPUBLIC GENERAL INSURANCE
CORP., Individually and a/s/o MCGOWAN
BUILDERS, INC.,

                Plaintiff,

       - against -

CENTURY SURETY COMPANY,

                Defendant.

**ORDER**

17 Civ. 3415 (PGG)

---

        This is an insurance coverage dispute arising out of a personal injury lawsuit pending against McGowan Builders, Inc. The lawsuit is captioned Newton v. Nan Shan Local Development Corp., Index No. 503352/2014 (N.Y. Sup. Ct., Kings County) (Cmplt. (Dkt. No. 1-1)), and arises from injuries that Bassaine Newton – an employee of A&V Steel LLC – allegedly suffered at a construction site at which McGowan was the general contractor and A&V was the subcontractor. (Id. ¶¶ 9, 12)

        Plaintiff Old Republic General Insurance Corp. insured McGowan under a general liability policy, and contends that Defendant Century Surety Company – which insured A&V under an excess liability policy that allegedly covered McGowan as an additional insured – has a duty to defend and indemnify McGowan in Newton. (Id. ¶¶ 6-7, 16-17, 24) Old Republic brings a claim for breach of contract, and seeks a declaratory judgment that it is entitled to indemnity under Century's policy. (Id. ¶¶ 26-37) Old Republic also seeks to estop Century from disclaiming coverage. (Id. ¶¶ 38-42)

        Century has moved for judgment on the pleadings (Def. Mot. (Dkt. No. 17)), arguing that its excess liability policy contains an "Action Over Exclusion" that "unambiguously

precludes coverage . . . in connection with the Newton [a]ction." (Def. Br. (Dkt. No. 19) at 2)
For the reasons stated below, Century's motion will be granted.

## BACKGROUND

Old Republic issued a general liability insurance policy to McGowan for the period between August 12, 2013 and August 12, 2014. (Cmplt. (Dkt. No. 1-1) ¶ 6; see also Maguire Decl., Ex. F (Old Republic policy) (Dkt. No. 23-6)) In April 2014, McGowan was serving as the general contractor on a construction project located at 133-14 41st Avenue, Queens, New York (the "Premises"). (Cmplt. (Dkt. No. 1-1) ¶¶ 10, 12) A&V was a subcontractor on this project, performing steel erection work. (Id. ¶ 12) On April 11, 2014, A&V employee Bassaine Newton was injured at the Premises when a steel beam slipped off of a dolly and struck his foot. (Id. ¶ 9) On April 17, 2014, Newton filed a lawsuit in Kings County Supreme Court against Nan Shan Local Development Corp. – the owner of the Premises – and McGowan, seeking damages for his alleged injury. (Id. ¶¶ 10-11) In the Newton action, Newton claims that he was injured while performing work for A&V. (Answer, Ex. B (Newton Complaint) (Dkt. No. 7-3) at 4)

A&V is not named as a defendant in the Newton action. Pursuant to the subcontract between McGowan and A&V (the "Subcontract"), however, A&V is required to defend and indemnify McGowan for any damages or actions arising out of A&V's work at the Premises. (Cmplt. (Dkt. No. 1-1) ¶ 14; see also Maguire Decl, Ex. H (A&V Subcontract) (Dkt. No. 23-8) at 7) The Subcontract also requires A&V to obtain primary and excess liability insurance to cover its work at the Premises, and to name McGowan as an additional insured on

2

these insurance policies.[1] (Cmplt. (Dkt. No. 1-1) ¶¶ 14-15; see also Maguire Decl, Ex. H (A&V Subcontract) (Dkt. No. 23-8) at 7, 18-21)

A&V obtained a general liability policy from Endurance American Specialty Insurance Co. (the "Endurance policy"), and an excess liability policy from Century (the "Century policy"). (Cmplt. (Dkt. No. 1-1) ¶¶ 16-17; Maguire Decl., Ex. G (Endurance policy) (Dkt. No. 23-7); Bradley Decl., Ex. 3 (Century policy) (Dkt. No. 18-6)) These policies provide coverage for the period between April 30, 2013 and April 30, 2014. (Maguire Decl., Ex. G (Endurance policy) (Dkt. No. 23-7) at 3; Bradley Decl., Ex. 3 (Century policy) (Dkt. No. 18-6) at 4) The named insured in both the Endurance policy and the Century policy is A&V Steel LLC. (Maguire Decl., Ex. G (Endurance policy) (Dkt. No. 23-7) at 3; Bradley Decl., Ex. 3 (Century policy) (Dkt. No. 18-6) at 4)

As to additional insureds, the Endurance policy states:

> [t]he following are included as additional insureds: Any entity by written contract . . . to be named as an insured is an insured[,] but only with respect to liability arising out of your premises, "your work" for the additional insured, or acts or omissions of the additional insured, in connection with their general supervision of "your work," . . . [e]xcept [that] all insuring agreements, exclusions and conditions of this policy apply to such additional insured(s).

---

[1] Old Republic notes that the Subcontract provides that, "[t]here will be no exclusion for Action Over/Cross Over claims for New York operations." (Pltf. Opp. (Dkt. No. 22) at 3; see also Maguire Decl, Ex. H (A&V Subcontract) (Dkt. No. 23-8) at 19) Old Republic does not argue that this language provides a basis for denying Century's motion, however, nor would any such argument have merit, because – in a coverage dispute – the terms of the applicable insurance policy trump conflicting provisions in underlying trade contracts. See U.S. Liab. Ins. Co. v. Mountain Valley Indem. Co., 371 F. Supp. 2d 554, 557-58 (S.D.N.Y. 2005) (collecting cases and concluding that "insurance policy provisions take precedence over conflicting provisions found in contracts between insureds"); Bovis Lend Lease LMB, Inc. v. Great Am. Ins. Co., 53 A.D.3d 140, 145 (1st Dep't 2008) ("An insurance policy is a contract between the insurer and the insured. Thus, the extent of coverage . . . is controlled by the relevant policy terms, not by the terms of the underlying trade contract that required the named insured to purchase coverage.").

3

(Maguire Decl., Ex. G (Endurance policy) (Dkt. No. 23-7) at 56) As to additional insureds, the Century policy states:

> [a]ny additional insured under any policy of "controlling underlying insurance" will automatically be an additional insured under this insurance. . . . Additional insured coverage provided by this insurance will not be broader than coverage provided by the "controlling underlying insurance."

(Bradley Decl., Ex. 3 (Century policy) (Dkt. No. 18-6) at 12)

Pursuant to these policies, in a July 8, 2014 letter to Endurance and Century, Old Republic claims administrator Gallagher Bassett tendered the defense and indemnification of McGowan and Nan Shan in the Newton action. (Cmplt. (Dkt. No. 1-1) ¶ 24; see also Maguire Decl., Ex. A (July 8, 2014 Pltf. Ltr.) (Dkt. No. 23-1)) The July 8, 2014 letter to Endurance and Century reads as follows:

> Re:
> Our Claim No.: 002979-048836-gb-01
> Insured: McGowan Builders
> Job Location: Nan Shan Project
> Your Claim No.: Please advise
> Your Insured: A&V Steel, LLC
> Your Policy # CBC100010025601 4-30-13 to 4-30-14 (Primary)
> CCP 814297 – 8-22-13 to 8-22-14 (Excess)
> Claimant: Bassain Newton
> Date of Loss: 4-14-14
>
> Dear Gentlemen:
>
> As the third party administrator for Old Republic General Insurance, and their insured, McGowan Builders ("McGowan"), Gallagher Basset Services[] is putting you on notice of the above matter.
>
> We received a summons and complaint entitled "*Bassaine Newton and Sashana Newton v. Nan Shan Local Development Corp. and McGowan Builders, Inc.* The plaintiff alleges he was injured while working on the job site. The plaintiff was attempting to move a steel beam with a dolly and the dolly tipped over causing the beam to fall on his left foot.
>
> McGowan has advised that they contracted with A&V Steel LLC to complete work on the project. As part of the contract, A&V Steel LLC was contractually

obligated to defend and indemnify McGowan and all indemnified parties for A&V Steel LLC negligence. In addition, A&V Steel LLC was to list McGowan and Nan Shan as additional insured under their policy with Endurance American Specialty Insurance Co. As such, we are tendering the defense and indemnification of McGowan and Nan Shan to A&V Steel LLC and their carrier, Endurance American Specialty Insurance.

Please confirm receipt of this letter as well as your intent to handle this matter on behalf of McGowan and all other indemnified parties pursuant to your contractual obligation. We are also putting the excess carrier on notice, with Century Surety Company.

If we are caused to incur any legal costs or expenses as a result of your refusal to comply with the contractual agreement in effect between our mutual insured's we will pursue full restitution of costs incurred via declaratory action, if necessary.

Please feel free to contact me. I can be reached at 973-644-5901.

(Maguire Decl., Ex. A (July 8, 2014 Pltf. Ltr.) (Dkt. No. 23-1))[2]

In an August 5, 2014 letter to Gallagher Bassett, Century denies that it has an obligation to provide a defense and indemnity to McGowan. (Cmplt. (Dkt. No. 1-1) ¶ 25; see also Maguire Decl., Ex. C (Aug. 5, 2014 Def. Ltr. (Dkt. No. 23-3)) Century's letter begins by acknowledging that Gallagher Bassett's July 14, 2014 is a tender:

On or about July 14, 2014, we received a copy of your July 8, 2014 letter in which you tender the defense and indemnification of McGowan Builders, Inc. and Nan Shan Local Development Corp. (collectively, "McGowan") to Endurance American Specialty Insurance Company ("Endurance") and to Century pursuant to McGowan's contract with A&V Steel, LLC ("A&V") and as an Additional Insured under the Endurance and Century policies.

(Maguire Decl., Ex. C (Aug. 5, 2014 Def. Ltr. (Dkt. No. 23-3) at 2)

---

[2] Given this acknowledgement and the content of Gallagher Bassett's July 8, 2014 letter, Century's argument that the July 8, 2014 letter does not constitute a tender (Def. Br. (Dkt. No. 19) at 4) is frivolous. (Maguire Decl., Ex. C (Aug. 5, 2014 Def. Ltr.) (Dkt. No. 23-3) at 7 ("[W]e are unable to accept your tender on behalf of McGowan. . . ."))

5

Century then goes to assert that McGowan is not an Additional Insured on the Century policy and that, in any event, "there are coverage issues" under the Century policy:

> Please be advised that there is no specific Additional Insured Endorsement for McGowan or any other party on the Century policy. Whether McGowan qualifies as an Additional Insured will depend on the determination of the underlying carrier, Endurance. To date, we have not received a written coverage determination from Endurance. . . .
>
> [Moreover,] [c]overage under the Century policy is subject to the policy provisions, limitations and exclusions contained in the Endurance policy. If there is no coverage under the Endurance policy, there will be no coverage under the Century policy. Notwithstanding the coverage that may be provided by Endurance, there are coverage issues presented by [the Century] Excess policy.

(Maguire Decl., Ex. C (Aug. 5, 2014 Def. Ltr. (Dkt. No. 23-3) at 2-3)

Century's August 5, 2014 letter then lists "issues and/or policy provisions that preclude, limit or exclude coverage" under the Century Policy, including the "Action Over Exclusion." (Id. at 3-7) The Action Over Exclusion provides that the Century Policy does not cover "injury or damage" to "[a]n 'employee' of the named insured arising out of and in the course of: (a) Employment by the Named Insured; or (b) Performing duties related to the conduct of the named insured's business." (Id.; see also Bradley Decl., Ex. 3 (Century policy) (Dkt. No. 18-6) at 38) As noted above, the named insured under the Century policy is A&V Steel LLC.

Century's August 5, 2014 letter further notes that the Action Over Exclusion applies "(1) Whether the named insured may be liable as an employer or in any other capacity; and (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury." (Maguire Decl., Ex. C (Aug. 5, 2014 Def. Ltr.) (Dkt. No. 23-3) at 6; see also Bradley Decl., Ex. 3 (Century policy) (Dkt. No. 18-6) at 38) Century's August 5, 2014

6

letter asserts that, under the Action Over Exclusion, "there is no coverage for A&V or any other entity under the Century policy if Mr. Newton, was, indeed, an employee of A&V when he was injured."[3] (Maguire, Ex. C (Aug. 5, 2014 Def. Ltr.) (Dkt. No. 23-3) at 6)

On April 7, 2017, Old Republic commenced this action in Supreme Court, New York County, seeking defense and indemnity from Century concerning Newton's claims against McGowan. (Cmplt. (Dkt. No. 1-1)) On May 8, 2017, Century removed the action to this Court. (Notice of Removal (Dkt. No. 1)) On September 8, 2017, Century moved for judgment on the pleadings (Def. Mot. (Dkt. No. 17)), arguing that the Action Over Exclusion in the Century policy "unambiguously precludes coverage" in the Newton Action. (Def. Br. (Dkt. No. 19) at 2) Old Republic contends that Century waived its right to rely on the Action Over Exclusion by failing to issue a timely disclaimer. (Pltf. Opp. (Dkt. No. 22) at 2, 9-14) Old Republic further contends that because McGowan is an additional insured under the Endurance policy, McGowan

---

[3] In an effort to demonstrate that Century's August 5, 2014 letter is not a valid, timely disclaimer of coverage, Old Republic has submitted a November 26, 2014 from Century. (See Pltf. Opp. (Dkt. No. 22) at 7, 12-14; Maguire Decl., Ex. E (Nov. 26, 2014 Def. Ltr.) (Dkt. No. 23-5)) In its November 26, 2014 letter to Old Republic, Century states that – although Endurance has accepted the tender of the defense and indemnification of McGowan and Nan Shan under the Endurance policy – Century's "coverage position" has "not changed," due to, inter alia, the Action Over Exclusion. (Maguire Decl., Ex. E (Nov. 26, 2014 Def. Ltr.) (Dkt. No. 23-5) at 2-3)

Because the November 26, 2014 letter is not referenced in the pleadings, is not attached to the pleadings, and is not integral to the Complaint, it cannot be considered in resolving Century's Rule 12(c) motion. See Glascoff v. OneBeacon Midwest Ins. Co., No. 13 CIV. 1013 DAB, 2014 WL 1876984, at *4 (S.D.N.Y. May 8, 2014) ("On a Rule 12(c) motion, a court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case. A court may also review any document incorporated by reference in the pleadings or integral to the complaint.") (internal quotation marks and citations omitted). In any event, Century's November 26, 2014 letter simply repeats Century's disclaimer under the Action Over Exclusion and does not demonstrate that Century's August 5, 2014 letter is not a disclaimer.

7

is an additional insured under the terms of the Century policy and is therefore entitled to coverage under the Century policy. (Id. at 14-18)[4]

## DISCUSSION

### I.  LEGAL STANDARDS

#### A.  Rule 12(c) Standard

In deciding a Rule 12(c) motion, courts apply the same standard applicable to a motion to dismiss under Rule 12(b)(6). Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010) (citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). To meet this standard, a complaint's factual allegations must permit the Court, "draw[ing] on its judicial experience and common sense . . . . to infer more than the mere possibility of misconduct." Id. at 679. While the court must "accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff," id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir.

---

[4] Old Republic has filed a "memorandum of law in support of [] Old Republic's cross-motion and in opposition to [] Century Surety Company's motion for judgment on the pleadings pursuant to [Rule 12(c)]." (Pltf. Opp. (Dkt. No. 22) at 1) This Court's Individual Rules require parties to seek permission to file Rule 12 motions, however, and Old Republic never sought permission to file its purported cross-motion for judgment on the pleadings. See Individual Rules of Practice in Civil Cases, Rule IV(A). Accordingly, in a December 28, 2017 order, this Court ruled that Plaintiff's motion papers would be treated only "as having been submitted in opposition to Defendant's motion for judgment on the pleadings." (Dec. 28, 2017 Order (Dkt. No. 30) at 1)

8

2006)), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678.

"On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted). Courts may also "properly consider documents or information contained in [a] defendant's motion papers if the plaintiff has knowledge or possession of the material and relied on it in drafting the complaint." Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC, 11 Civ. 3327 (ER), 2013 WL 417406, at *6 (S.D.N.Y. Feb. 4, 2013) (citing Hoy v. Inc. Vill. of Bayville, 765 F. Supp. 2d 158, 163 (E.D.N.Y. 2011)). Courts "should [otherwise] exclude from [their] consideration materials presented outside of the pleadings." Rodriguez v. Warden, Metro. Corr. Facility, 13 Civ. 3643 (PAC), 2015 WL 857817, at *7 (S.D.N.Y. Feb. 27, 2015) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002)).

### B. Interpretation of Contracts

"Under New York law, the initial interpretation of a contract 'is a matter of law for the court to decide.'" K. Bell & Assocs. v. Lloyd's Underwriters, 97 F.3d 632, 637 (2d Cir. 1996) (quoting Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 299 (2d Cir. 1996)); see also Terwilliger v. Terwilliger, 206 F.3d 240, 245 (2d Cir. 2000) ("Construing an unambiguous contract provision is a function of the court, rather than a jury, and matters extrinsic to the

agreement may not be considered when the intent of the parties can fairly be gleaned from the face of the instrument.") (citing Teitelbaum Holdings, Ltd. v. Gold, 48 N.Y.2d 51, 56 (1979)). New York law also provides that "'the interpretation of an insurance policy generally presents a question of law.'" Haque v. Commerce and Industry Ins. Co., No. 11 Civ. 9360 (LTS), 2013 WL 4083270, at *1 (S.D.N.Y. Aug. 13, 2013) (quoting Allianz Ins. Co. v. Lerner, 416 F.3d 109, 115-16 (2d Cir. 2005)) (internal citation omitted).

However, "[w]here there are alternative, reasonable constructions of a contract, i.e., the contract is ambiguous, the issue 'should be submitted to the trier of fact.'" K. Bell & Assocs., 97 F.3d at 637 (quoting Consarc Corp. v. Marine Midland Bank, N.A., 996 F.2d 568, 573 (2d Cir. 1993)). "[T]he question of whether an insurance policy is ambiguous is [also] a matter of law to be determined by the Court." Hugo Boss Fashions, Inc. v. Fed. Ins. Co., 252 F.3d 608, 616 (2d Cir. 2001) (internal quotation marks and citations omitted).

## II. ANALYSIS

Century contends that it is entitled to judgment on the pleadings because the Action Over Exclusion in its policy precludes coverage for the employees of named insureds. According to Century, because (1) A&V Steel LLC is the named insured in the Century policy; and (2) Newton is an employee of A&V Steel LLC, no coverage is available under the Century policy for either A&V or McGowan.

Old Republic contends that McGowan is an additional insured under both the Endurance policy and the Century policy, and accordingly, McGowan is entitled to coverage under the Century policy. Old Republic further contends that Century cannot present a coverage issue now, because its disclaimer of coverage was untimely.

10

A. **Application of the Action Over Exclusion in the Century Policy**

The Century policy provides that Century will have the "duty to defend the Insured against any suit seeking damages for such 'injury or damage' when the applicable limits of 'controlling underlying insurance' have been exhausted," but that Century "will have no duty to defend the Insured against any suit seeking damages for which insurance under this policy does not apply." (Bradley Decl., Ex. 3 (Century Policy) (Dkt. No. 18-6) at 11)

The Action Over Exclusion in the Century policy states that coverage is not available for "'injury or damage'" to "[a]n 'employee' of the named insured arising out of and in the course of: (a) Employment by the Named Insured; or (b) Performing duties related to the conduct of the named insured's business." (Id. at 38) The exclusion applies "(1) Whether the named insured may be liable as an employer or in any other capacity; and (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury." (Id.)

As noted above, the named insured in the Century policy is A&V Steel LLC (id. at 4), and Old Republic contends that Century has a duty to defend and indemnify Old Republic's insured – McGowan – in connection with an action brought by Bassaine Newton – an A&V employee – for injuries that Newton suffered during his employment with A&V. (Cmplt. (Dkt. No. 1-1) ¶¶ 9-10; (Answer, Ex. B (Newton Complaint) (Dkt. No. 7-3) at 4) Pursuant to the Action Over Exclusion, however, the Century policy explicitly excludes coverage for injuries suffered by the employee of a named insured during his employment, whether coverage is sought by the named insured or by someone the named insured is obligated to reimburse for damages owed or paid to the injured employee. See Endurance Am. Specialty Ins. Co. v. Century Sur. Co., 630 F. App'x 6, 7 (2d Cir. 2015) (concluding that same Century policy language

11

unambiguously precludes coverage for both the named insured and any additional insured in connection with an underlying action seeking damages for bodily injury sustained by the named insured's employee), reversing 46 F. Supp. 3d 398, 418 (S.D.N.Y. 2014).

Old Republic contends, however, that "coverage applies pursuant to Additional Insured endorsements contained in both the Endurance and Century Surety policies." (Pltf. Opp. (Dkt. No. 22) at 15) The Endurance and Century policies contain additional insured provisions that apply to McGowan. The Endurance policy states:

> [t]he following are included as additional insureds: Any entity by written contract . . . to be named as an insured is an insured[,] but only with respect to liability arising out of your premises, "your work" for the additional insured, or acts or omissions of the additional insured, in connection with their general supervision of "your work," . . . [e]xcept [that] all insuring agreements, exclusions and conditions of this policy apply to such additional insured(s).

(Maguire Decl., Ex. G (Endurance policy) (Dkt. No. 23-7) at 56) Because A&V had a written contract with McGowan in which it was obligated to obtain coverage for McGowan, McGowan is an additional insured within the meaning of the Endurance policy.

The Century policy provides that

> [a]ny additional insured under any policy of "controlling underlying insurance" will automatically be an additional insured under this insurance. . . . Additional insured coverage provided by this insurance will not be broader than coverage provided by the "controlling underlying insurance."

(Bradley Decl., Ex. 3 (Century policy) (Dkt. No. 18-6) at 12) Because McGowan is an additional insured under the Endurance policy, McGowan is "automatically . . . an additional insured under [the Century policy]." (Id.)

The fact that McGowan is an additional insured under the Century policy does not resolve the coverage question, however. The coverage rights of both insureds and additional insureds are limited by exclusions set forth in the Century policy. (See id.) As discussed above,

this Court concludes that the Action Over Exclusion in the Century policy explicitly excludes coverage for injuries suffered by the employee of a named insured during his employment, whether coverage is sought by the named insured, by an additional insured, or by someone the named insured is obligated to reimburse for damages owed or paid to the injured employee.

## B. Century Has Not Waived Its Right to Dispute Coverage

Citing New York Insurance Law § 3420(d)(2), Old Republic argues that Century "waiv[ed] its right to assert an exclusion to coverage as to Old Republic's insured," because "Century [] did not timely issue its denial letter to Old Republic." (Pltf. Opp. (Dkt. No. 22) at 9-10) Under Section 3420(d)(2), an insurer disclaiming liability and denying coverage for bodily injury must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." N.Y. Ins. Law § 3420(d)(2).

It is well-settled, however, that "Section 3420(d)(2) does not apply to claims between insurers, [regardless of] whether those claims are for contribution or for full defense and indemnity." Zurich Am. Ins. Co. v. Wausau Bus. Ins. Co., 206 F. Supp. 3d 818, 827 (S.D.N.Y. 2016) (citing, inter alia, Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co., 27 A.D.3d 84, 92 (1st Dept. 2005) ("It is clear that the notice requirement of § 3420(d) is designed to protect the insured and the injured person or other claimant against the risk[s] posed by a delay in learning the insurer's position, of expending energy and resources in an ultimately futile attempt to recover damages from an insurer[,] or forgoing alternative methods for recovering damages until it is too late to pursue them successfully. . . . [T]hese are not risks to which another insurer seeking contribution is subject.")), aff'd Zurich Am. Ins. Co. v. Liberty Mut. Ins. Co., 710 F. App'x 3, 7 (2d Cir. 2017) ("New York courts have uniformly held that § 3420(d)

13

does not apply to claims between insurers."); see also JT Magen v. Hartford Fire Ins. Co., 64 A.D.3d 266, 271 (1st Dept. 2009) (collecting cases). Accordingly, because "this is a defense and indemnity action by one insurer against another, . . . Section 3420(d) does not apply," and "whether or not [Century] gave [Old Republic] notice as soon as was reasonably possible of its disclaimer of coverage is immaterial." Zurich Am. Ins., 206 F. Supp. 3d at 828.

The cases cited by Old Republic in its sur-reply (see Pltf. Sur-Reply (Dkt. No. 27) at 2-4) – which was filed without leave of Court – are all distinguishable, because the insured was a plaintiff in each of those cases. See Admiral Ins. Co. v. State Farm Fire, 86 A.D.3d 486, 489 (1st Dep't 2011) ("[The insured] is [] a named plaintiff in this declaratory judgment action."); 233 E. 17th St., LLC v. L.G.B. Dev., Inc., 78 A.D.3d 930, 930 (2d Dep't 2010) ("In this action, the plaintiff seeks indemnification as an additional insured under a policy issued by the defendant Mt. Hawley Insurance Co. . . ."); Indus. City Mgmt. v. Atl. Mut. Ins. Co., 64 A.D.3d 433, 433 (1st Dep't 2009) (in action brought by insureds, affirming decision declaring that insurer was obligated to indemnify various insureds); J.T. Magen, 64 A.D.3d at 272 ("[U]nlike Bovis, where one of the plaintiffs seeking declaratory relief was an insurer, the only plaintiff in this action is J.T. Magen, which seeks a defense and indemnification from Hartford [Fire Insurance Company]. Travelers [Insurance] has not asserted any claim against Hartford for monetary relief covering the costs it incurred in the underlying personal injury action."). As the court in Zurich Am. Ins. explained, "[if] [the insured] were [itself] [a] plaintiff[] here, [it] could invoke Section 3420(d). [The insurer], however, cannot, because 'the tendering carrier did not get the benefit of § 3420(d) from a tendering letter it sent on behalf of its insured[,] because that

section does not apply to claims between insurers.'"[5] Zurich Am. Ins., 206 F. Supp. 3d at 829 (quoting J.T. Magen, 64 A.D.3d at 269).

The Court concludes that Century has not waived its right to dispute coverage.

---

[5] Because Section 3420(d)(2) does not apply, Old Republic's argument that Century's August 5, 2014 letter is not a valid, timely disclaimer is immaterial. (See Pltf. Opp. (Dkt. No. 22) at 12 ("Although [Century] may argue that the letter dated August 5, 2014, constitutes timely denial of coverage, this simply is not true based on the very nature of the letter, which is not a denial letter but an ambiguous reservation of rights letter.")) The Court notes, however, that Old Republic's argument that Century did not disclaim coverage in its August 5, 2014 letter contradicts Old Republic's Complaint, which characterizes Century's August 5, 2014 letter as a disclaimer. (See Cmplt. (Dkt. No. 1-1) ¶ 25 ("Century responded . . . by letter dated August 5, 2014, directed to A&V, denying insurance coverage and indemnity to A&V and to any other entities/individuals, including McGowan, in respect of the Newton claim . . . ."))

Moreover, Century's August 5, 2014 letter explicitly states that "there is no coverage for A&V or any other entity under the Century policy if Mr. Newton was, indeed, an employee of A&V when he was injured." (Maguire Decl., Ex. C (Aug. 5, 2014 Def. Ltr. (Dkt. No. 23-3) at 6 (emphasis in original)) Century's letter also states that Century is "unable to accept your tender on behalf of McGowan in regard to this matter. This letter describes certain issues and/or policy provisions that preclude, limit, or exclude coverage." (Id. at 7) As set forth above, Century's letter "clearly identifies the conduct excluded, the provision of the policy under which it is excluded, and [] the coverage that is disclaimed," and a communication of this sort is generally found sufficient to disclaim coverage under New York Insurance Law § 3420(d). Century Sur. Co. v. Whispers Inn Lounge, Inc., No. 13 CIV. 9049 (LGS), 2016 WL 590231, at *3 (S.D.N.Y. Feb. 10, 2016); see also QBE Ins. Corp. v. Jinx-Proof Inc., 22 N.Y.3d 1105, 1107 (2014) (holding that letters effectively disclaimed coverage even though they "contained some contradictory and confusing language" and "contained 'reservation of rights' language," because they "were sufficient to apprise" the insured of the ground for excluding coverage). Accordingly, Century's August 5, 2014 letter appears to constitute a valid disclaimer under New York law.

Assuming arguendo that Century's August 5, 2014 letter is a valid disclaimer, it would be timely under Section 3420(d), because it was issued less than one month after Gallagher Bassett sent the July 8, 2014 letter on Old Republic's behalf. See Mu Yan Lin v. Burlington Ins. Co., No. 11 CIV. 33 (PGG), 2012 WL 967633, at *9 (S.D.N.Y. Mar. 21, 2012) ("New York courts have found [that] a disclaimer of coverage issued within a month after the insurer obtains sufficient facts to form the basis of the disclaimer is, as a matter of law, reasonable.") (internal quotation marks and citation omitted) (collecting cases).

## CONCLUSION

For the reasons stated above, Century's motion for judgment on the pleadings is granted. (Dkt. No. 17) The Clerk of the Court is directed to close this case and to terminate all pending motions. (Dkt. Nos. 17, 24)

Dated: New York, New York
September 12, 2018

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge